```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMES CRONCE,<br><br>           Plaintiff,<br><br>  v.<br><br>TRISTATE EROSION CONTROL<br>COMPANY INC., et al,<br><br>           Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3397 (JBS/KMW)<br><br>**OPINION** |

APPEARANCES:

Keith J. Gentes, Esq.
LIEBLING MALAMUT LLC
1939 Route 70 East
Suite 220
Cherry Hill, NJ 08003
    Attorney for Plaintiff

Kevin M. McKeon, Esq.
MARSHALL DENNEY WARNER COLEMAN & GOGGIN
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
    Attorney for Defendant

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

    In this products liability action, Defendant Mack Trucks, Inc. (hereinafter, "Defendant") moves to dismiss Plaintiff James Cronce's (hereinafter, "Plaintiff") Complaint on statute of limitations grounds. [Docket Item 3.] In his Complaint, Plaintiff alleges that a faulty step collapsed when he attempted

to exit his truck.  Plaintiff therefore asserts product defect and failure to warn claims against Defendant, the truck's manufacturer.  Plaintiff also names as a defendant "for discovery purposes only[,]" his employer, Tristate Erosion Control Co., Inc. (hereinafter, "Tristate").

For the reasons set forth below, the Court will convert Defendant's Rule 12(b)(6) motion to a Rule 56 motion for summary judgment, and the parties will have fourteen (14) days to adduce any additional evidence concerning the statute of limitations issue.

**II. BACKGROUND**

For purposes of the pending motion, the Court accepts Plaintiff's allegations as true and draws the facts from the Complaint and its exhibits. Plaintiff drove a "Mack R Series heavy-duty" truck in connection with his employment as a truck driver for Tristate. (Compl. at ¶¶ 2, 4.) On April 13, 2012, Plaintiff attempted to exit his truck when a "faulty" step broke, causing him to fall to the ground. (Id. at ¶ 4.)

Plaintiff initiated a products liability action in the Superior Court of New Jersey, Camden County. Defendant thereafter removed this action, and now moves to dismiss Plaintiff's Complaint with prejudice, asserting that Plaintiff filed the initial Complaint four (4) days after the expiration of the applicable limitations period. (Def.'s Br. at 1-2.)  In

2

so asserting, Defendant relies upon two exhibits appended to its motion: one being a copy of Plaintiff's Complaint marked "Filed" by the Superior Court on April 17, 2014 (Ex. A); the other being a screenshot of the New Jersey Courts Public Access website, which identifies the filing date for Plaintiff's Complaint as April 17, 2014. (Ex. B.)

Plaintiff asserts in opposition that he submitted a complaint to the Superior Court on April 11, 2014, but inadvertently omitted the requisite case information statement. (Pl.'s Br. at 1).  Notwithstanding the initial defect, Plaintiff argues that application of a state court rule enabled him to preserve his original submission date by curing the defect within ten (10) days of initial submission. (Id. at 5, 6). Consequently, though initially "filed" on April 17, 2014, Plaintiff asserts that the curative effect of the state court rule rendered his Complaint timely filed on April 11, 2014. (Id.) In support of this position, Plaintiff attaches several exhibits, namely, a copy of the Complaint stamped "Received" by the state court on April 11, 2014 (Ex. A); a letter from New Jersey Civil Case Management directing Plaintiff to submit a completed case information statement (Ex. B); a case information statement stamped "Filed" by the Superior Court on April 17, 2014 (Ex. C); and a screenshot of the New Jersey Courts Public

3

Access website, which identifies the filing date for Plaintiff's Complaint as April 11, 2014. (Ex. D.)

**III. STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (citations omitted).

**IV. DISCUSSION**

Defendant seeks dismissal solely on the grounds that the expiration of the applicable limitations period precludes Plaintiff's claims. Though certain statute of limitations questions can be resolved at the Rule 12(b)(6) stage, the statute of limitations dispute in this instance squarely requires consideration of facts extraneous to the pleadings and, therefore, the Court will convert the Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment.

It is undisputed that a two year limitations period, set forth in N.J.S.A. § 2A:14-2, applies to Plaintiff's claims. See Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987) (stating that in New Jersey, "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two

4

years of accrual of the cause of action."). In this case, Plaintiff's injury occurred on April 13, 2012 and the parties do not dispute that the applicable limitations period expired on April 13, 2014. In their submissions, however, the parties append materials beyond the pleadings that must be considered by the Court in order to resolve the timeliness of Plaintiff's pleading.

However, in ruling on a Rule 12(b)(6) motion to dismiss, a district court may not consider matters extraneous to the pleading. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that a district court, in ruling on a motion to dismiss, should not have considered information from the brief supporting the motion to dismiss); see also City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 2009) ("When deciding a motion to dismiss, it is usual practice for a court to consider only the allegations contained in the complaint, exhibits contained in the complaint and matters of public record."). Rather, the Court may only consider a "'document integral to or explicitly relied upon in the complaint,'" or an "'undisputedly authentic document'" if such document forms the predicate for the complaint. In re Rockefeller Ctr. Props., Inc., Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999) (citations and emphases omitted).

5

Where matters outside the pleadings are relied upon in a 12(b)(6) motion, a district court must either deny the motion or convert it to a Rule 56 motion for summary judgment. Federal Rule of Civil Procedure 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In this action, the Court cannot, solely upon the allegations set forth in the Complaint and any integral or explicitly relied upon documents, determine whether Plaintiff timely filed his Complaint. Although the exhibits proffered by the parties may ultimately prove probative in resolving the timeliness issue, the Court cannot consider the parties' exhibits including, any notations by the state court or internet screenshots of the state court docket, within the context of a Rule 12(b)(6) analysis.  See <u>Eli Lilly & Co. v. Roussel Corp.</u>, 23 F. Supp. 2d 460, 475 (D.N.J. 1998) ("[U]nless a Court converts a Rule 12(b)(6) motion into a motion for summary judgment pursuant to Fed.R.Civ.P. 56, the Court cannot consider material outside the pleadings (i.e. facts presented in briefs, affidavits or exhibits).").  Nor is a statute of limitations bar apparent from the face of Plaintiff's Complaint.  Indeed, the Complaint appended to Defendant's Notice of Removal does not

facially reflect <u>any</u> filing date.  [Docket Item 1-1.]  Rather, the exhibits appended to the parties' submissions set forth competing positions concerning the timeliness of Plaintiff's filing—resolution of which clearly requires the Court to consider factual disputes and other materials, not simply the allegations of Plaintiff's Complaint.  <u>See</u> <u>Bethel v. Jendoco Const. Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978) ("If the [statute of limitations] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).").  The Court will therefore convert the pending motion and hereby gives notice of the conversion.

**V. CONCLUSION**

Consequently, because the Court must consider facts beyond the pleadings to resolve the pending motion, the Court will convert the Rule 12(b)(6) motion to a Rule 56 motion.  The parties will have fourteen (14) days to adduce any additional evidence concerning the statute of limitations issue by submitting evidence in the format required by Rule 56, which may be accompanied by a short supplemental letter-brief.


| | |
|---|---|
| **November 3, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

7