```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMES CRONCE, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 14-3397 (JBS/KMW) |
| TRISTATE EROSION CONTROL COMPANY INC., et al, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

In this products liability action, Defendant Mack Trucks, Inc. (hereinafter, "Defendant") moves for summary judgment on the basis that the applicable statute of limitation bars Plaintiff's claims. [Docket Item 3.] On November 3, 2014, the Court converted the motion to one for summary judgment, given the parties' reliance upon matters extraneous to the pleading. [Docket Items 7 & 8.]

The narrow issue presented by the converted, pending motion is whether Plaintiff James Cronce (hereinafter, "Plaintiff") filed his initial state court Complaint within the applicable two-year limitation period.[1] In that regard, the parties do not genuinely dispute that Plaintiff submitted his initial Complaint

---

[1] The parties do not dispute that a two-year limitation period governs Plaintiff's complaint. Nor do the parties dispute that such limitations period required Plaintiff to file his Complaint by no later than April 13, 2014.

to the Superior Court of New Jersey on April 11, 2014.  Nor do the parties genuinely dispute that the Superior Court of New Jersey initially rejected Plaintiff's Complaint for failure to include a civil case information statement, as required by New Jersey Court Rule 4:5-1.  Rather, the parties' dispute whether Plaintiff's curative measure, namely, the subsequent submission of a civil case information statement on April 17, 2014, sufficed to render Plaintiff's Complaint timely filed as of April 11, 2014.  For the reasons that follow, the Court finds Plaintiff's Complaint timely.  Defendant's motion will, accordingly, be denied.  The Court finds as follows:

    1.  In his three-page Complaint, Plaintiff, a former "Mack R Series heavy-duty" truck driver for Tristate Erosion Control Company, Inc. (hereinafter, "Tristate"), alleges that, on April 13, 2012, a defective "step/fuel tank" broke, causing him to fall. (Compl. at ¶ 4.) Plaintiff, accordingly, seeks monetary damages for the injuries sustained as result of Defendant's allegedly negligent and defective design, assemblage, and/or repair of the "step/fuel tank." (See generally id.)

    2.  Defendant removed this action on May 29, 2014. [Docket Item 1.]  On June 5, 2014, Defendant moved to dismiss on the ground that Plaintiff failed to timely file his Complaint. [Docket Item 3.]  In so arguing, Defendant pointed to the version of Plaintiff's Complaint appended to its motion, which

reflected that the Superior Court of New Jersey "'Received'" and "'Filed'" Plaintiff's Complaint on April 17, 2014, four days after the expiration of the limitation period. (Def.'s Br. at 3; see also Ex. A. to Def.'s Br.) In addition, Defendant relied upon screenshots of the New Jersey Courts Public Access website, which similarly identified an April 17, 2014 filing date for Plaintiff's Complaint. (Ex. B. to Def.'s Br.)

3. Plaintiff conceded in opposition that an initial submission defect, namely, the absence of a civil case information statement, resulted in a technical rejection of Plaintiff's Complaint by the state court on April 11, 2014. Notwithstanding the initial defect, Plaintiff argued that New Jersey Court Rule 1:5-6(c)(1)(B) (hereinafter, "Rule 1:5-6") enabled him to preserve his initial April 11, 2014 submission date through prompt correction of such defect. (Id. at 5, 6). Plaintiff therefore asserted that the curative effect of Rule 1:5-6(c)(1)(B) rendered his Complaint timely filed as of April 11, 2014. (Id.) In so asserting, Plaintiff relied upon a copy of the Complaint stamped "Received" on April 11, 2014 (Ex. A to Pl.'s Br.); a letter from New Jersey Civil Case Management directing Plaintiff to submit a completed case information statement (Ex. B to Pl.'s Br.); a case information statement stamped "Filed" by the Superior Court on April 17, 2014 (Ex. C to Pl.'s Br.); and a screenshot of the New Jersey Courts Public

3

Access website, which reflected an April 11, 2014 filing date for Plaintiff's Complaint. (Ex. D to Pl.'s Br.)

4.  On November 3, 2014, the Court converted the motion to dismiss into one for summary judgment, in light of the parties' conflicting proffer. [Docket Items 7 & 8.] In addition, the Court provided the parties fourteen (14) days "to adduce any additional evidence concerning the statute of limitations issue by submitting evidence" in the format required by Federal Rule of Civil Procedure 56. [Docket Item 7 at 7.] The parties filed no such submissions. The present submissions, however, suffice to enable the Court to resolve the dispute concerning the timeliness of Plaintiff's Complaint. Indeed, as stated below, the Court's disposition of the pending motion hinges on the Court's own review of a matter of public record. Moreover, the Court principally converted the pending motion, as required by Federal Rule of Civil Procedure 12(d), in order to consider the conflicting extraneous materials appended to the parties' submissions, and to provide the parties an opportunity to present all materials germane to the timeliness inquiry. Consequently, despite the parties' declination, the Court turns to the converted motion.

5.  Federal Rule of Civil Procedure 56(a) generally provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

4

fact" such that the movant is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In evaluating a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party, and must provide that party the benefit of all reasonable inferences. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

6. As stated above, Defendant does not genuinely dispute that Plaintiff submitted his initial Complaint on April 11, 2014. (See generally Def.'s Reply.) Rather, Defendant asserts that no sufficient basis exists to conclude that "the Complaint filed on April 17, 2014 in the Superior Court of New Jersey must be considered timely filed on April 11, 2014[,]" given the absence of a Federal Rule of Civil Procedure that permits such retroactive filing and Plaintiff's purported delay in curing the "procedural defects." (Id. at 5.) In so arguing, however, Defendant ignores the unequivocal information presently set forth by the New Jersey Judiciary on its Automated Case Management System (hereinafter, the "ACMS").

7. The ACMS, like its federal counterpart, Public Access to Court Electronic Records, enables the public to electronically access information concerning New Jersey state court filings. The information provided by the ACMS System, accordingly, constitutes a public record of which the Court takes judicial

5

notice.  See Fed. R. Evid. 201; see also In re Cramer, No. 11-1211, 2011 WL 2112518, *5 (D.N.J. May 26, 2011) (taking notice of the case information contained on the ACMS).  The ACMS system reflects, without question, that the Superior Court of New Jersey deemed Plaintiff's Complaint filed on April 11, 2014.  See ACMS, Docket No. L-1524-14, available at http://njcourts.judiciary.state.nj.us/web15z/ACMSPA/.  Consequently, despite Defendant's assertions concerning the inefficacy of Plaintiff's curative efforts and the inapplicability of Rule 1:5-6 to this now federal court action,[2]

---

[2] Nor does the Court find Saddle River Valley Bank v. Garsia, No. 10-1911, 2010 WL 4929268 (D.N.J. Nov. 30, 2010), the sole case relied upon by Defendant for this premise, "fairly analogous" to the facts of this litigation. (Def.'s Reply at 3.)  Rather, Saddle River has facts plainly distinguishable from this action. Specifically, in Saddle River, the appellant sought to file a complaint objecting to the appellee's discharge of a debt owed to the appellant. Id. at *1.  Federal Rule of Bankruptcy Procedure 4007(c) required any such complaints to be filed by no later than August 18, 2009. Id.  The appellant, accordingly, finalized its complaint on August 17, 2009, and engaged the New Jersey Lawyers Service (hereinafter, "NJLS") to hand deliver the pleading to the bankruptcy court on the same day. Id.  Despite the appellant's accurate address label, the NJLS inexplicably filed the appellant's complaint with the state court, rather than the federal bankruptcy court. Id.  However, neither the NJLS nor the state court's clerk's office alerted the appellant of the misfiling or of any other delivery problems. Id. Rather, upon discovering the misfiling, the state court forwarded the complaint directly to the bankruptcy court, "where it was received and filed on August 21, 2009, three days after the deadline." Id.  The bankruptcy court subsequently dismissed the appellant's complaint as time barred. Id.  In so finding, the bankruptcy court rejected the appellant's argument that Rule 1:5-6 provided a basis to find the appellant's complaint timely, because the procedural rules of the state court, an "entirely

6

the New Jersey Judiciary, as reflected in the ACMS, clearly found such subsequent efforts sufficient to cure any initial, technical defects in Plaintiff's submission.

8. In that regard, the Court recognizes that the May 28, 2014 ACMS screenshots appended to Defendant's brief indicate that Plaintiff filed his state court Complaint on April 17, 2014. (See Ex. B to Def.'s Br.) The discrepancy, however, does not alter the disposition of the pending motion, given the case information presently reflected on the ACMS. Moreover, counsel for Plaintiff certifies that an employee of the state court advised counsel, on June 12, 2014, that the case information would be amended to "accurately reflect[]" the April 11, 2014 filing date.[3] (Gentes Cert., ¶¶ 10-11.) Counsel for Plaintiff therefore acknowledges that the state court modified the ACMS after Defendant's removal. (See id.) The state court's subsequent modification of this date, however, as reflected in the parties' contradicting ACMS screenshots, does not alter the

---

separate" entity, had no application to a filing the appellant solely intended for federal court. Id. at *5. No similar misfiling occurred in this instance. Rather, Plaintiff initially filed this action, with intention, in the Superior Court of New Jersey. [Docket Item 1.] The New Jersey procedural rules, as stated below, therefore have clear application to the determination of the date on which Plaintiff initially filed this action in state court.

[3] Even if such statement constitutes otherwise inadmissible hearsay, the ACMS provides an independent, and indisputably authentic, confirmation of such assertion. See ACMS, Docket No. L-1524-14, available at http://njcourts.judiciary.state.nj.us/web15z/ACMSPA/.

7

Court's conclusion.  (Compare Ex. B to Def.'s Br. (reflecting an April 17, 2011 filing date as of May 28, 2014), with Ex. D to Pl.'s Opp'n (reflecting an April 11, 2011 filing date).)  Rather, the state court's construction of the date on which Plaintiff initially filed his Complaint remains dispositive, regardless of the date on which the state court made such correction, because state law "'controls the pre-removal aspects'" of this action. Giehl v. Terex Utils., No. 13-083, 2013 WL 618775, at *3 (M.D. Pa. Feb. 19, 2013) (citations omitted).

9.   In sum, the Court finds Plaintiff's initial state court Complaint timely filed as of April 11, 2014.  Defendant's motion will therefore be denied.

10.  An accompanying Order will be entered.


**December 3, 2014**          s/ Jerome B. Simandle
Date                          JEROME B. SIMANDLE
                              Chief U.S. District Judge

8