IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CRONCE,<br><br>             Plaintiff,<br><br>   v.<br><br>TRISTATE EROSION CONTROL COMPANY INC., MACK TRUCKS, INC., JOHN/JANE DOES 1-100, *FICTITIOUS PERONS*, and ABC CORP. 1-100, *FICTITIOUS ENTITIES*,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3397 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

While dismounting a "hydroseeder truck" on April 13, 2012, Plaintiff James Cronce (hereinafter, "Plaintiff") sustained injuries when an allegedly "defective" step attached to the truck broke.  As a result of these injuries, Plaintiff brought this product liability action against the manufacturer of the truck chassis and cab (i.e., an "incomplete vehicle"),[1] Defendant

---

[1] Plaintiff identified his employer, Tristate Erosion Control Company Inc. (hereinafter, "Tristate"), in the caption and introductory paragraph of his Complaint, solely "for the purposes of discovery."  (Compl. at ¶ 2.)  In other words, none of Plaintiff's claims seek actual relief from Tristate, a party that would, in any event, be immune from suit under the state workers' compensation scheme.  Accordingly, Tristate Erosion Control Company, Inc. will be stricken as a defendant herein.

Mack Trucks, Inc. (hereinafter, "Defendant") and various other fictitious entities.[2]

Defendant Mack Trucks, Inc. now moves for summary judgment on the grounds that Plaintiff has not identified the "broken step" as a step ever actually attached to Defendant's "incomplete vehicle," and because he has failed, in any event, to establish a qualifying defect under New Jersey's Products Liability Act (hereinafter, the "PLA"). (See generally. Def.'s Br.) Rather than file opposition, Plaintiff filed only a brief letter response, in which he concedes that he cannot "identify the specific defective step," and is therefore "unable to meet his burden to defeat [D]efendant's motion for summary judgment." [Docket Item 23.]

In light of Plaintiff's concession, and for the brief reasons that follow, Defendant's motion for summary judgment will be granted. The Court finds as follows:

1. Defendant assembled the "'incomplete vehicle'" at issue in this action on March 24, 1997. (Def.'s SMF at ¶ 17.) After its initial assembly, however, Defendant had no contact with the vehicle, and shipped it to the purchaser for completion through "the addition of a 'construction body.'" (Id. at ¶¶ 18-

---

[2] Defendant, in turn, filed crossclaims seeking contribution and/or indemnification, in the event of a finding of liability on any of Plaintiff's claims. Nevertheless, because summary judgment will be granted in Defendant's favor, these crossclaims will be dismissed as moot.

19.) Following final assembly, the vehicle appears to have exchanged hands multiple times during the 15 years prior to the event at issue here. (See generally id. at ¶ 13.)

2. In the aftermath of his injuries, Plaintiff took photographs of "the broken step only," and then during discovery years later, of the "overall view" of the alleged truck. (Id. at ¶ 16.) Despite these photographs, however, Defendant admitted that the photographs "'probably [did] not'" depict the vehicle involved in the incident, and proffered no other connection between the "broken step" and the "incomplete vehicle" manufactured by Defendant years earlier. (Id.) Against that backdrop, Defendant moves for summary judgment, which Plaintiff concedes should be granted. [See Docket Items 22 & 23.]

3. Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Alabama v. North Carolina, 560 U.S. 330, 344 (2010) (citations and internal quotation marks omitted); see also FED. R. CIV. P. 56(a). In other words, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," the Court may grant summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

4.      The PLA provides the "'exclusive statutory cause of action'" for harms caused by a defective product, as here. <u>Kemly v. Werner Co.</u>, ___ F. Supp. 3d ____, No. 13-7059, 2015 WL 8335030, at *4 (D.N.J. Dec. 8, 2015) (citations omitted).  A design and/or manufacturing defect claim under the PLA, however, requires Plaintiff to demonstrate (1) a defect that existed when the product left Defendant's control, and (2) that proximately caused his injuries.  <u>See</u> <u>id.</u> (citations omitted).  Here, however, Plaintiff concedes that he cannot create any reasonable inference of a defect that existed at the time the incomplete vehicle left Defendant's control.[3]  [<u>See</u> Docket Item 23.]  As a result, Plaintiff concedes that he cannot defeat Defendant's motion.  [<u>See</u> <u>id.</u>]  Because Plaintiff cannot, by his own admission, make out a prima facie case under the PLA, Defendant's motion for summary judgment must be granted.[4]

5.      An accompanying Order will be entered.

 **February 1, 2016**                             **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge

---

[3] Even beyond this concession, Plaintiff has produced no evidence (expert or otherwise) that would create any reasonable inference of a defect.

[4] Despite the lengthy discovery period in this action, Plaintiff has not named any of the fictitious defendants, and the time to do so has long since expired.  [<u>See, e.g.</u>, Docket Items 16 & 19.]  As a result, summary judgment will be granted in favor of these fictitious parties, as well.